JUNE, 1823.

### Butler *against* Limerick.

*THOMAS LIMERICK*, on the 15th day of *March* 1822, sued out a capias ad resp. against *Isaac Butler* to the Circuit Court of *Lauderdale* County, " of a plea that he render " unto him one thousand and eighty dollars, which to him he " owes, and from him he unjustly detains to his damage five " hundred dollars." The declaration was on a note under seal, dated 27th day of *November,* 1820, for the payment of $1000, 12 months after date, with interest from the date until the day of payment. On the 30th day of *November,* 1822, the Circuit Court rendered judgment by *nil dicit* against *Butler* for $1080 the Debt in the declaration mentioned, and $74 damages for its detention.

On a Note payable at a future day with interest from the date, the Writ, &c. should not claim the principal and interest to day appointed for payment, in an aggregate sum as debt.

On his writ of Error to this Court, *Butler* assigned as Errors—

That the action was on a note for $1000, and the writ and declaration claimed $1080 as debt. Judgment was rendered for interest as debt, and for compound interest, being for interest on the interest which had accrued when the Debt became due.

*Coalter* and *McKinley* for plaintiff—The interest should have been claimed as damages for the detention of the Debt, and not as part of the Debt. Interest on the 12 months' interest which had occured on the debt, when it became payable, could not lawfully be recovered. They cited 8 Mass. Rep. 455. 2 Mass. R. 568. 3 Id. 221. 5 Bos. and P. 205. 5 Johnson 268.

*William B. Martin* for defendant in Error.—For a sum certain, or which, by reference to a written contract, can be rendered certain, an action of Debt lies. Interest arising *ex contractu* is part of the money which the obligor or maker expressly undertakes to pay. Debt lies for interest as much as for the principal, when there is an express contract to pay a certain sum as interest.

Here the obligor bound himself to pay $1000 on the 27th day of *November,* 1821, and 12 months' interest thereon. This by its legal rate amounted to $80, and in effect he bound himself to pay $1080 on the 27th day of *November,* 1821. If he had performed his contract according to the letter, he must have paid this sum at the appointed day. But damages for the detention of a debt cannot begin to accrue until after the debt has become due. If paid as soon as due, can it be said to be unjustly detained ?

If the obligor had paid at the first moment at which he was bound by his note to pay, he must have paid the $1000 and $80 more. Could the $80 in this case have been damages for the breach of his contract? or would this latter sum have been part of the money which by the note he had expressly bound himself to pay? He cited 1 Chy. P. 102. 5 D. and E. 553. 1 Haywood, 174. 5 Bos. and P. note to page 206. 8 Mass, 455, 6.

Judge *Saffold* delivered the opinion of the Court.

According to the modern doctrine, a plaintiff in Debt, (if there be no variance between the written contract and its description in the declaration) may recover less than he declares for. See 2 Lord Ray. *Ingledon* against *Cripps*. But in Debt on a specialty or note, he must, in his writ and declaration, demand the precise sum, secured by the instrument, although by reason of partial payment, set off, &c. his recovery may be for less.

In this case we are unanimously of opinion, that by the express terms of the Note declared on, $1000 only was the Debt; and that the circumstance of part of the interest having accrued before the maturity of the Note, does not change its nature; to regard this interest as part of the principal Debt, and adjudge interest on the $1080 from the time the Note became due, would allow compound interest, which would be not only contrary to law, but to the evident intention of the parties. The Note was for $1000 and interest thereon, and not for the aggregate sum of $1080.

The effect of the judgment by *nihil dicit*, though not insisted on in the argument, has been considered, and a majority of the Court are of opinion that it does not cure the Error. A judgment by nihil dicit would amount to a waiver of advantage as to matters of form. A judgment by confession is expressly declared by Statute to amount to a release of Errors. Had it been the intention of the Legislature to give the same effect to a judgment by default, *non sum informatus*, or *nihil dicit*, it is to be presumed that such judgments would have been expressed in, and not by implication excluded from, this enactment.

We cannot reverse, and render judgment for the correct amount, for the Error commenced with the Writ. The judgment corresponds with the Writ; and if the defendant, by withdrawing his plea, waived the Error in the Writ, it would follow that he waived it in the judgment also.

Let the judgment be reversed.